LAND TITLE GUARANTY COMPANY OF NEW JERSEY, RE-
LATOR, v. THE DELAWARE RIVER JOINT COMMIS-
SION, RESPONDENT.

Decided March 10, 1936.

For the relator, *Bleakly, Stockwell & Burling.*

For the respondent, *T. Harry Rowland* and *D. Trueman Stackhouse.*

BODINE, J. (At chambers.) The respondent demurs to an alternative writ of *mandamus.* The problem is simply: may the Delaware River Joint Commission take, without instituting condemnation proceedings, relator's land lying under the surface of a public street for subway purposes. A station platform and control room are proposed, and a stairway leading up to the sidewalk is to be built. The subway is in connection with a high speed electric rail transit line between Philadelphia and Camden. The relator has heretofore not made any use of the property. An existing areaway will be restored when the work is completed. The subway is for use in carrying passengers. By the weight of authority in other jurisdictions the demurrer must be sustained.

In our own state, the case of *Laurel Garden Corp.* v. *New Jersey Bell Telephone,* 109 *N. J. L.* 171; 160 *Atl. Rep.* 549, strongly favors this view. The respondent is authorized to build the subway by legislative and municipal authority. The subway to-day, in many places, is an essential link in public transportation. The surface of the street in congested areas is insufficient. The building of the subway in question is consistent with the use for which the highway was originally dedicated. It is of advantage to the property owner, in that it facilitates transportation to, from and by its premises. That it cannot thereafter so easily build vaults under the surface of the street is meaningless, since it never could interfere by structure with the public easement of surface passage. It has no greater rights when underground passage becomes necessary. The serviture has merely increased because of the public need. The right to pass and repass was always paramount. There is no real distinction between conduits under the surface of the highway for carrying electrical energy and conduits for carrying people to and from different parts of the municipality or adjoining cities. The servitude is commensurate with the public need to pass and repass. As times change the manner of use changes.

The demurrer will be sustained, with costs.